UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-687-RJC
3:10-cr-182-RJC-DSC-1

| | |
|---|---|
| MICHAEL T. RAND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on independent review of the record.

Petitioner filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 1), and Addendum, (Doc. No. 1-1), raising a number of claims of ineffective assistance of counsel, prosecutorial misconduct, and trial court error. Counsel appeared for Petitioner and sought leave to supplement the *pro se* Motion to Vacate. (Doc. Nos. 4, 6). The Court denied counsel's request, noting that there is no right to hybrid representation. (Doc. No. 7). The Court did, however, grant counsel leave to file a superseding Amended Motion to Vacate on Petitioner's behalf. (Id.).

Counsel[1] filed an Amended Motion to Vacate, (Doc. No. 10), supported by a 50-page Declaration of Petitioner, (Doc. No. 10-1), that is electronically signed by Petitioner "/s/ Michael T. Rand." (Doc. No. 10-1 at 50). The Declaration of Petitioner is a near *verbatim* recitation of Petitioner's *pro se* Addendum. Compare (Doc. No. 1-1) with (Doc. No. 10-1 at 3). Counsel subsequently filed a Notice of Errata, (Doc. No. 12), that purports to correct several substantive errors in Petitioner's Declaration. The Notice of Errata is not signed by Petitioner at all.

---
[1] The Court recognizes that the attorney who filed the Amended Motion to Vacate and Notice of Errata has been substituted. See (Doc. No. 20).

1

This Court's Administrative Procedures require that, "[i]f the original document requires the signature of a non-attorney, *e.g.*, an affidavit, the filing party shall scan the original document in PDF format, then electronically file it on the System." W.D.N.C. Administrative Procedures Governing Filing and Service by Electronic Means, § II(C)(1). Electronic signatures, "s/(attorney name)," are reserved for attorneys. W.D.N.C. Administrative Procedures Governing Filing and Service by Electronic Means, § II(C)(2).

The Court further notes that the 50-page Declaration of Petitioner, which is a near *verbatim* recitation of Petitioner's *pro se* Addendum, violates the spirit of the Court's Order disallowing hybrid representation. (Doc. No. 7); compare (Doc. No. 1-1) with (Doc. No. 10-1 at 3).

Petitioner's Declaration, (Doc. No. 10-1), and the Notice of Errata, (Doc. No. 12), are stricken because they fail to comply with this Court's Administrative Procedures and the Court's Orders. See generally Iota Xi Chapter of Sigma Chi Fraternity v. Patterson, 566 F.3d 138, 150 (4th Cir. 2009) (striking documents is within the Court's inherent authority). Counsel may file a superseding Amended Declaration of Petitioner within **14 days** of this Order. The Amended Declaration of Petitioner shall set forward a brief statement of the disputed facts that may warrant an evidentiary hearing. The Government is granted leave to file a Response to Petitioner's Amended Declaration within **14 days** after the Amended Declaration is filed.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Declaration, (Doc. No. 10-1), and Notice of Errata, (Doc. No. 12), are **STRICKEN**.
2. Petitioner may file an Amended Declaration within **14 days** of this Order.
3. The Government is granted leave to file a Response to Petitioner's Amended Declaration within **14 days** after the Amended Declaration is filed.

Signed: October 8, 2019

Robert J. Conrad, Jr.
United States District Judge