**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-687-RJC
(3:10-cr-182-RJC-DSC-1)**

| | |
|---|---|
| MICHAEL T. RAND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court on Petitioner's "Motion for Reconsideration/ Rule 60(b) Motion Addressing Defects in the Collateral Review Process Regarding Petitioner's Section 2255 Petition" [Doc. 46]; "Motion Requesting Leave to File a Motion in Excess of 25 Pages" [Doc. 45]; "Motion to Supplement Doc 46 Motion for Reconsideration/ Rule 60(b) Motion entered 2/21/2023 – Request for Subpoena" [Doc. 47]; "Motion for Order to Show Cause why Respondents Should not be Held in Contempt for Failing to Respond to Petitioner's Motion for Reconsideration/ Rule 60(b) Motion Addressing Defects in the Collateral Review Process Regarding Petitioner's Section 2255 Petition" [Doc. 48]; "Motion to Compel the Production of Exculpatory and Impeachment Evidence" [Doc. 49]; and Motion to Reopen the Case [Doc. 50].

**I.     BACKGROUND**

Petitioner, a certified public accountant, was indicted in the underlying criminal case for accounting fraud based on earnings mismanagement and improper accounting practices while acting as the Chief Accounting Officer ("CAO") at Beazer Homes USA, Inc. ("Beazer"), a home-building company, from 2000 to 2007, and for obstructing an investigation into Beazer's mortgage

origination practices. The Petitioner was tried twice. The first trial resulted in a split verdict and a new trial was later granted due to juror misconduct. The second trial resulted in guilty verdicts on five counts and a 120-year sentence. See United States v. Rand, 835 F.3d 451 (4th Cir. 2016); [3:10-cr-182-RJC ("CR") Docs. 357, 380, 381, 387]. The Fourth Circuit Court of Appeals affirmed and the United States Supreme Court denied certiorari on November 28, 2016. Rand, 835 F.3d at 451; Rand v. United States, 137 S.Ct. 525 (2016).

Petitioner initiated the instant 2255 action in November 2017 by filing a pro se Motion to Vacate. [Doc. 1]. Counsel moved to appear pro hac vice less than a month later. [Doc. 3]. The Court granted the Motion and allowed counsel to file a superseding Amended Motion to Vacate on Petitioner's behalf, but the Court specifically disallowed hybrid representation. [Doc. 7]. Counsel then filed an Amended Motion to Vacate and supporting Memorandum. [Docs. 10, 14]. Petitioner argued in the counseled Amended Motion to Vacate that counsel was ineffective in a number of ways, and that prosecutorial misconduct deprived the Petitioner of a fundamentally fair trial. [Doc. 10; see also Doc. 10-1 (Declaration); Doc. 29 (Order striking the Declaration)]. A Motion to Substitute Attorney for Petitioner was granted in August 2018, [Docs. 18, 20], and the Government responded to the Amended Motion to Vacate in October 2018. [Doc. 21]. New counsel filed a Reply [Doc. 27], as well as an "Amended Statement of Disputed Facts" [Doc. 30], which the Court disregarded because counsel was attempting to make an end-run around the Court's rulings. [Doc. 35 at 8, n.5]. Petitioner's new counsel was allowed to withdraw from the representation on January 16, 2020. [Doc. 33].

On March 6, 2020, the Court entered an Order dismissing and denying the Motion to Vacate; the Court denied the ineffective assistance claims on the merits, and dismissed the prosecutorial misconduct claim as procedurally defaulted. Rand v. United States, 2020 WL

2

1126182 (W.D.N.C. March 6, 2020). On appeal, the Petitioner argued that his claims should have been granted, and that this Court violated his due process rights by striking a Declaration that Petitioner attempted to file in support of his Amended Motion to Vacate. [4th Cir. Case No. 20-6393, Doc. 9]. On March 3, 2021, the Fourth Circuit denied Petitioner a certificate of appealability and dismissed his appeal. Rand v. United States, 837 F. App'x 1011 (4th Cir. 2021). The Supreme Court denied certiorari on February 22, 2022. Rand v. United States, 142 S.Ct. 1101 (2022). Petitioner was released from the federal Bureau of Prisons on January 13, 2023.[1]

Petitioner filed the instant Motion for Reconsideration on February 21, 2023,[2] which he asks the Court to accept although it is over-length. [Docs. 45, 46]. He seeks relief under Rule 60(b) because: he satisfied the cause and prejudice and actual innocence standards for procedural default; this Court relied on two critical factual mistakes in ruling that he was not entitled to evidence that was allegedly withheld by the Government; and Petitioner recently discovered that an Assistant United States Attorney who had been assigned to the criminal case between April 2011 and March 2015 played a leading role in Alston's internal investigation into Beazer's alleged accounting and mortgage improprieties.[3] Petitioner subsequently filed a Motion to Supplement the Motion for Reconsideration [Doc. 47]; a Motion for Order to Show Cause why the Government should not be held in contempt for failing to respond to the Motion for Reconsideration, and why relief should not be granted [Doc. 48]; a Motion to Compel [Doc. 49]; and a Motion to Reopen the § 2255 case

---

[1] See https://www.bop.gov/inmateloc/ (last accessed July 6, 2023); Fed. R. Ev.

[2] Petitioner does not receive the benefit of the prisoner mailbox rule because the federal Bureau of Prisons' (BOP) website indicates that he was released on January 13, 2023. See https://www.bop.gov/inmateloc/ (last accessed April 24, 2023); Fed. R. Ev. 201. Petitioner has not changed his address of record with the Court. Petitioner is reminded that it is his responsibility to keep the Court apprised of his correct address at all times.

[3] Petitioner notes in his Motion for Reconsideration that he filed a Motion seeking authorization to file a second or successive Motion to Vacate from the Fourth Circuit in an abundance of caution. [Doc. 46 at 1, n.1; see 4th Cir Case No. 23-119, Doc. 2 (Motion for Authorization attaching the instant Motion for Reconsideration)]. The Fourth Circuit denied authorization on April 12, 2023. [4th Cir. Case No. 23-119, Doc. 5]; Fed. R. Ev. 201.

[Doc. 50]. The Government has not responded to these Motions and the time to do so has expired. These matters are ripe for consideration.

## II. DISCUSSION

Rule 60 permits a court to correct orders and provide relief from judgment under the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion must be made within a "reasonable time" and, for reasons (1) through (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party moving for relief from judgment under Rule 60(b) bears the burden of showing timeliness. Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295 (4th Cir. 2017).

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). A movant must first show that he has moved in a timely fashion, that he has a meritorious defense to the judgment, that the opposing party would not be unfairly

4

prejudiced by a set aside, and show exceptional circumstances. See Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011); Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) (citing Compton, 608 F.2d at 102). If a petitioner satisfies these requirements, then he must show that his motion falls under one of the six grounds set forth in Rule 60(b). Werner, 731 F.2d at 207. The catchall provision in Rule 60(b)(6) is only available when Rules 60(b)(1) through (b)(5) are inapplicable. Kemp v. United States, 142 S.Ct. 1856 (2022). Even then, extraordinary circumstances must justify reopening. Id.; Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir.1993) (internal quotation marks and citation omitted).

Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than a clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against re-litigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion), *abrogated in part on other grounds by* United States v. McRae, 793 F.3d 392 (4th Cir. 2015); 28 U.S.C. § 2244(b)(3)(A) ("[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). As a general matter, "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Winestock, 340 F.3d at 207; see also Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005) (concluding that a Rule 60(b) motion for relief from judgment that directly challenges the underlying conviction constitutes a successive habeas petition).

5

As a preliminary matter, the Court will grant the Petitioner's Motion seeking leave to file additional pages [Doc. 45], and the Motion for Reconsideration [Doc. 46] is accepted as filed.[4]

In his Rule 60(b) Motion for Reconsideration, Petitioner seeks relief pursuant to Rule 60(b)(1), (2), (3), and (6). [Doc. 46 at 23]. He argues that: there is cause and prejudice to excuse his procedural default of the prosecutorial misconduct claim; the Court made factual errors in its § 2255 Order; and there is newly discovered evidence of prosecutorial misconduct that requires the vacatur of his convictions.

The instant Motion was filed nearly three years after the § 2255 Order was issued. Petitioner's only serious argument for timeliness is his contention that he "recently" discovered that a conflict of interests within the prosecutor's office between April 2011 and March 2015 was more extensive that he had previously believed, and that he was unable to discover this sooner because he only gained internet access upon being released from prison in January 2023. [Doc. 46 at 24-28]. This claim is unavailing because Petitioner was represented by counsel during almost the entire duration of the § 2255 proceedings. See [Doc. 5 (Order granting Motion for Leave to Appear Pro Hac Vice on January 8, 2018); Doc. 20 (Order granting substitution of counsel on August 15, 2018); Doc. 33 (Order granting counsel's Motion to Withdraw on January 16, 2020)]. Counsel's failure to exercise due diligence to "discover" the scope of the alleged conflict of interests is imputed to Petitioner. See Gray v. Ballard, 848 F.3d 318, 323 (4th Cir. 2017) ("An attorney's actions are imputed to the client"); Holland v. Jackson, 542 U.S. 649, 653 (2004) (§ 2254 respondent could not claim due diligence during seven-year delay when, he claims, postconviction counsel did not heed his pleas for assistance). Accordingly, his claim that he

---

[4] The Petitioner is encouraged to be concise in any future filings with the Court. His filings have been consistently unnecessarily lengthy. The Motion is granted here for the Court's convenience in ruling on the pending Motions without requiring amended filings.

exercised due diligence is rejected. Petitioner failed to file the Rule 60(b) Motion within one year of the § 2255 Order or within a "reasonable time" and, accordingly, the Motion for Reconsideration is denied as untimely.[5]

In his Motion for Order to Show Cause [Doc. 48], Petitioner contends that the Clerk requested that the Government respond to his Motion for Reconsideration by March 7, 2023, and that the Government failed to comply with that deadline. He asks the Court to require the Government to show cause why: it should not be held in contempt; Petitioner's requests for relief should not be granted; and the convictions on all counts should not be reversed. [Id. at 2]. To establish civil contempt, the moving party must establish each of the following elements by clear and convincing evidence: (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's "favor"; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that movant suffered harm as a result. Dmarcian, Inc. v. dmarcian Europe BV, 60 F.4th 119, 145 (4th Cir. 2023) (quoting Fed. Trade Comm'n v. Pukke, 53 F.4th 80, 101 (4th Cir. 2022)). Here, the Court never ordered the Government to respond to the Petitioner's Motion for Reconsideration and, as such, the Government did not disregard a Court order. The Clerk's docketing notation of the response deadline in ECF was entered for the convenience of the parties, and was not an order to respond. See LCvR 7.1(e) (responses to motions must be filed within 14 days of the date the motion is served). Petitioner

---

[5] Even if the Motion for Reconsideration were timely filed, it would be denied on the merits. Many of Petitioner's arguments attempt to relitigate his § 2255 claims, rather than identifying errors error in the § 2255 proceeding itself, and are functionally equivalent to an unauthorized § 2255 petition. See Winestock, 340 F.3d at 206; Gonzalez, 545 U.S. at 531-32. Moreover, Petitioner's claims of errors in the § 2255 proceeding, even if true, address peripheral matters and alternate findings that fail to warrant relief under Rule 60(b). See, e.g., [Doc. 46 at 2, 23-24 (characterizing the Court's citation to example of counsel's zealous advocacy, and a footnote mentioning an SEC investigation as "critical" factual errors)]; see Boyd v. Bulala, 905 F.2d 764, 769 (4th Cir. 1990) (the meritorious claim or defense requirement of Rule 60(b) ensures that granting relief from judgment will not, in the end, have been a futile gesture).

has failed to establish the Government disregarded a court order or that any other grounds for contempt are present. Moreover, Petitioner's requests for relief are moot as his Motion for Reconsideration has been denied. The Motion for Order to Show Cause will, therefore, be denied.

In his Supplemental Motion for Reconsideration [Doc. 47], Petitioner asks the Court to issue a subpoena to the Senate Finance Committee to obtain "confirming evidence of the nature and content of Alston and Bird's 2007-2008 presentations to the DOJ and SEC." [Id. at 2]. In his Motion to Compel [Doc. 49], Petitioner reiterates the arguments in support of reconsideration, and requests the production of "any and all Brady and Giglio material in [the Government's] possession, custody, or control…." [Id. at 5]. In his Motion to Reopen the Case [Doc. 50], Petitioner asks the Court to reopen this § 2255 action pursuant to Rule 60(b) so that he can present further evidence in support of his claims, and for the Court's in camera review of the alleged Brady and Giglio material. Petitioner's Motion for Reconsideration has been denied as discussed supra. Accordingly, his Supplemental Motion for Reconsideration, Motion to Compel, and Motion to Reopen the Case are denied as moot.

### III. CONCLUSION

For the reasons stated herein, Petitioner's Motion for Leave to File Excess Pages is granted, his Motion for Reconsideration is dismissed and denied, and his Supplemental Motion, Motion for Order to Show Cause, Motion to Compel, and Motion to Reopen the Case are denied as moot.

**IT IS, THEREFORE, ORDERED** that:

1. "Motion Requesting Leave to File a Motion in Excess of 25 Pages" [Doc. 45] is **GRANTED.**

2. Petitioner's Motion for Reconsideration/ Rule 60(b) Motion Addressing Defects in the Collateral Review Process Regarding Petitioner's Section 2255 Petition" [Doc.

46] is **DENIED** and alternatively, it is **DISMISSED** as an unauthorized second or successive § 2255 petition.

3. Petitioner's Supplemental Motion for Reconsideration [Doc. 47], Motion for Order to Show Cause [Doc. 48], Motion to Compel [Doc. 49], and Motion to Reopen the Case [Doc. 50] are **DENIED AS MOOT**.

4. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right); see also United States v. Ethridge, 664 Fed. Appx. 304 (4th Cir. 2016) (a defendant is required to obtain a COA to appeal the denial of a Rule 60(b) motion that is not recharacterized as a § 2255 motion to vacate).

The Clerk is respectfully instructed to mail a copy of this Order to Petitioner at his address of record as well as to him at: 419 N. Federal Highway, Apt. 413, Hallandale Beach, FL 33009.[6]

Signed: July 7, 2023

Robert J. Conrad, Jr.
United States District Judge

---

[6] Petitioner is reminded that it is his responsibility to keep the Court apprised of his correct address at all times by promptly filing a "Notice of Change of Address."

9